## Hugh Kelly v. Frederick Baun, Appellant.

*Contract—Statute of frauds—Original undertaking.*

Where the paramount purpose moving a promisor in making a promise was to subserve his own interests, it becomes an original undertaking and is not within the statute of frauds, although the promise incidentally includes the payment of the debt of another.

Where plaintiff and defendant were creditors of B., and plaintiff bid in certain goods at a sheriff's sale of B.'s business which was purchased by defendant, a promise by defendant that in consideration of a transfer of plaintiff's bid that he, the defendant, would pay B.'s debt to plaintiff, because he could not run the place without the goods purchased by plaintiff, such promise although in form an assumption of B.'s debt is what is termed an original undertaking and is not within the statute.

Argued Dec. 14, 1897. Appeal, No. 65, Oct. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., March T., 1895, No. 345, on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, REEDER, ORLADY, SMITH and PORTER, JJ. Affirmed.

Assumpsit. Before McMICHAEL, J.

The facts sufficiently appear in the opinion of the court.

Verdict and judgment for plaintiff for $550. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*Thomas Leaming*, for appellant. The alleged promise in this case is within the 1st section of the Act of April 26, 1855, P. L. 308, the familiar statute of frauds.

In order to convert a promise to pay a debt of another into an original undertaking so as to take it out of the statute of frauds,

evidence must be clear and satisfactory, and this is a question for the court: Eshleman v. Harnish, 76 Pa. 97; Haverly v. Mercur, 78 Pa. 257; Gable v. Graybill, 1 Pa. Superior Ct. 29.

The test that this verbal promise was a guaranteeing of another's debt is the continued existence of the original debt: Maule v. Bucknell, 50 Pa. 39, 52; Dougherty v. Bash, 167 Pa. 429; Branson v. Kitchenman, 148 Pa. 541; Machine Co. v. Cann, 173 Pa. 392; Burr v. Mazer, 2 Pa. Superior Ct. 426.

*Thomas A. Fahy*, for appellee.

OPINION BY SMITH, J., January 18, 1898:

The whole complaint in this case is based on the refusal of the court below to direct a verdict for the defendant. The appellant contends that the testimony showed, indisputably, that the plaintiff's cause of action was upon the note of a third person to which the defendant was not a party and for which he was not liable; and that this suit is an attempt to hold the defendant responsible for the debt of another, under an oral promise, in contravention of the statute of frauds.

It is admitted that both plaintiff and defendant were creditors of one Karl Hiller, who conducted a butchering establishment, and was a brother-in-law of the defendant. At a sheriff's sale of Hiller's property the greater part of it was bid in for the defendant. The plaintiff attended the sale and "hoping to save his claim of $500," bid in the shafting and machinery used in Hiller's business. After the sale the defendant and the plaintiff met and arrived at an understanding whereby the plaintiff surrendered his right to the property he had purchased, to the defendant, the latter paying the bid.

The question submitted to the jury arose from the circumstances under which the plaintiff transferred his right to the property. The plaintiff alleged that the defendant promised, in consideration of the surrender, to pay the $500 which Hiller owed him. The only testimony on the subject was that of the parties. The plaintiff testified in chief that the defendant said to him: "Look here, Mr. Kelly, you had better let the machinery and shafting you bought stay here. We cannot run the thing without that shafting, and I will pay you myself that $500 of Hiller's;" and on cross-examination, that the defend-

ant said to him : "I will pay that money to you myself, for that machinery, if you will leave it here," and that "he said that afterward, he said it twice over, and he said that to me." The defendant testified that he knew nothing about the note, and that nothing was said about paying it. The jury were instructed that if they believed the plaintiff's version the plaintiff was entitled to recover; otherwise not. The verdict was for the plaintiff.

The machinery bid in by the plaintiff was turned over to and accepted by the defendant. He became the purchaser of all the property sold by the sheriff and continued the business in his own name. The sheriff's sale was made on executions in which he was the plaintiff. But it is contended that the promise to pay the plaintiff $500, in addition to the bid, for the portion bid in by the latter, is within the statute of frauds, because the agreement was to pay the amount Hiller owed the plaintiff, and because the latter held a note that was not surrendered, and upon which Hiller paid one year's interest, after the sheriff's sale. We cannot assent to this view. The statute was passed to prevent fraud, and courts must not permit it to be made an instrument for the perpetration of fraud. Assuming as we must that the facts have been correctly found by the jury, the provisions of the statute are invoked to relieve the defendant from payment of part of the sum which he promised to pay for the property.

The substantial question for our decision is whether the paramount purpose of the defendant, in making the promise was to subserve his own interest, or to secure the debt of another person. If the former, it is what is termed "an original undertaking," although in form an assumption of the debt of another, and is not within the statute. The machinery transferred to the defendant was necessary, with that which he had already purchased, for the operation of the business there conducted. According to his own statement he "could not run the thing" without the shafting, and in order that this might be done he bought the plaintiff's right thereto for $500. True, he promised to pay the debt of his brother-in-law; but it was to secure this that the plaintiff attended the sale and bid in the property, and the fact that he was willing to release his claim on Hiller cannot operate to discharge the defendant from his promises, made

manifestly for his own interest 'and purposes.: Substantially Hiller's debt to the plaintiff was merely the measure of the sum which the defendant was willing to pay the plaintiff for the property bid in by him. It is clear that the plaintiff bid off and held the machinery because he sought thus to secure the debt Hiller owed him, and it therefore requires no stretch of the principle that " it (the promise) may be unaffected by the statute, though the original debt remains, if the promisor has received a fund pledged, set apart, or held for the payment of the debt," (Maule v. Bucknell, 50 Pa. 39), to hold that it covers the transaction under consideration.

Judgment affirmed.