## Beard v. Heck.

*Question for jury—Debt of another—Statute of frauds—Original undertaking.*

The question whether a defendant agreed to pay a debt of another as part of an agreement to induce plaintiff to resume work on an operation assumed by defendant, is a question peculiarly and exclusively within the province of the jury. Such an agreement is an original undertaking and does not offend against the statute of frauds. There is sufficient consideration for it.

*Charge of court—Motion to strike out testimony.*

The refusal to strike certain testimony from the record is not error where the trial court instructs the jury : " So that is a matter entirely outside of this case and irrelevant and you have nothing to do with it; you need not consider it." Such instruction disposed of such testimony as effectually as if it had been stricken from the record.

Argued March 20, 1900. Appeal, No. 14, March T., 1900, by defendant in suit of Elias Beard against David R. Heck, from judgment of C. P. York Co., Jan. T., 1898, No. 54, on verdict for plaintiff. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed. Opinion by BEAVER, J.

Assumpsit. Before STEWART, J.

A lease of woodland having been surrendered plaintiff brought suit against David R. Heck to recover money due him for hauling by defendant's tenant which he alleged that defendant had agreed to pay him in order to induce him to continue the hauling for him, the said defendant.

[At the trial motion was made to strike out certain testimony, the court refusing such motion as follows: " I will say to the jury that it is immaterial, that part of it. I will not strike it out. That is not the proper plan."] [2, 3]

Defendant submitted among others the following point:

[2. If the property assigned by Harvey S. Fenicle to David R. Heck was to be used according to their agreement, in paying off the debts of said Fenicle, the statute of frauds does not apply in this case. *Answer:* I say to you that the statute of frauds does not apply in this case, nor is this point applicable

to the facts in this case.   There is no evidence that Fenicle
assigned this property or transferred it to David R. Heck for
the purpose of paying his creditors.] [6]

The court charged the jury in part as follows :

Now, the defendant says he did not make that agreement.   I
want to say to you that as a matter of law, no difference how
absurd or unreasonable it may appear upon the face of it, if the
defendant, in order to induce the plaintiff to come back and re-
sume his hauling, agreed that he would pay Fenicle's debt and
also fifty cents an hour for hauling in the future, that is a legal
contract not within the statute of frauds, and binding upon the
defendant.   You cannot know, and I cannot know, what mo-
tive may have induced the defendant to make what may seem
to be a foolish bargain, or to us it may seem foolish.   To the
defendant it may have seemed very different.   But if you be-
lieve that he made that bargain, and agreed to assume the re-
sponsibility of Fenicle's debt, and pay it, and also to pay the
plaintiff fifty cents per hour for work done in the future, — if
that altogether was the bargain between them, then it was a
legal contract, and is enforceable at law.   If you believe that,
the plaintiff is entitled to recover not only the amount of the
indebtedness that the defendant admits he owes, but he is en-
titled to recover the amount of the Fenicle debt in addition to
that.

Verdict and judgment for plaintiff for $213.45.   Defendant
appealed.

*Errors assigned* among others were (2, 3) refusing motions to
strike out testimony.   (6) Answer to defendant's second point,
reciting point and answer.

*Jas. G. Glessner*, for appellant.—We asked the court to strike
certain testimony out, which the court refused to do, saying
"I will say to the jury that it is immaterial that part of it.   I
will not strike it out.   That is not the proper plan."

The evidence not filling the offer and being illegal and im-
material, should have been withdrawn from the jury at once:
Huntingdon and Broad Top Mountain Railroad Co. v. Decker,
82 Pa. 119; Railroad Co. v. Smith, 125 Pa. 259.

Under the offer the case was clearly within the statute of frauds and should have been excluded: Shaaber v. Bushong & Bro., 105 Pa. 514; Townsend v. Long, 77 Pa. 143.

The court erred in its answer to plaintiff's second point, where he said, " the statute of frauds does not apply in this case, nor is the point applicable to the facts in this case. There no evidence that Fenicle assigned this property or transferred it to David R. Heck for the purpose of paying his creditors."

*Jas. B. Zeigler,* of *Zeigler, Bentzel & Bacon,* for appellee.

OPINION BY BEAVER, J., April 23, 1900:

The defendant, the owner of a tract of timber land, sold the timber thereon to one Fenicle, who employed the plaintiff to haul the timber cut thereon to his mill.   After carrying on the lumber operation upon the defendant's land for a certain time, Fenicle failed, owing the plaintiff $170.32.   The defendant employed the plaintiff to continue hauling upon the lumber operation for him and admitted an indebtedness to the plaintiff therefor of $36.75.   Plaintiff alleged that, as an inducement to his continuing at work, the defendant offered to pay him the amount due from Fenicle.   This was denied by the defendant and the terms of the contract between them became the principal question at issue, which was submitted to the jury.

The question of the legality of the tender made by the defendant to the plaintiff before the justice and subsequently. renewed at the trial in the court below, raised by the first and fifth specifications of error, is not a practical one, inasmuch as the verdict of the jury was for an amount greater than the tender; and, as the judgment entered upon the verdict should, in our opinion, be sustained, may be eliminated from the consideration of the case.

The second and third assignments of error relate to testimony which the defendant asked to have stricken from the record.   The court declined to comply with the request but proposed instead to say to the jury that the portion of the testimony outside of the immediate contract between the parties was immaterial.   This was done in the charge, in which the court said, referring to the testimony as to which the motion to strike out was made : " So

that is a matter entirely outside of this case and irrelevant and you have nothing to do with it; you need not consider it." This, of course, as effectually disposed of that part of the testimony, so far as the consideration of it by the jury was concerned, as if it had been entirely stricken from the record. The defendant suffered in no way by reason of the failure of the court to accede to his request. The case turned entirely upon the question as to whether or not there was sufficient evidence adduced on the part of the plaintiff to take the case out of the statute of frauds. If the agreement, for which the plaintiff contended, was that of the parties, the defendant thereby agreed to pay the debt of another. It was not in writing. Was there enough in the case to take it out of the operation of the Act of April 26, 1855, P. L. 308? If the testimony of the plaintiffs was to be believed, the defendant had distinctly agreed, in consideration of the plaintiff's returning to work for him, that he would pay the debt due from Fenicle to the plaintiff. The testimony of the plaintiff and his son was distinct and positive as to this agreement. It was denied by the defendant. The question was for the jury. It was fairly submitted to them by the court below, in which the apparent folly of the agreement was fully pointed out to the jury. The defendant had no reason to complain of this part of the charge. Indeed he does not do so directly but assigns for error the answer of the court to the plaintiff's second point, in which it is said: "I say to you that the statute of frauds does not apply in this case, nor is this point applicable to the facts of this case." The answer was a denial of the point as put by the plaintiff but the part of it to which the defendant evidently objects is that part which refers to the statute of frauds. If there had been nothing else upon this subject in the charge of the court, it might have been open to some objection, but the whole question was fully stated by the court as turning upon the preponderance of testimony in regard to the agreement between the plaintiff and defendant by which the plaintiff resumed work upon the lumber operation for the defendant. Taking the charge as a whole, there is no substantial ground for complaint in regard to the instructions to the jury upon this subject. The well settled law relating thereto was clearly stated, the court saying: "The whole question is simply what were the terms of the contract between these two

parties? Did the defendant agree to pay, as a part of his agreement, this debt of Fenicle, in order to induce the plaintiff to come back and resume the hauling? If he did, then he is liable to and should pay the debt. There was a sufficient consideration for it. It was his own original agreement and undertaking. If he did not, then the plaintiff is not entitled to recover for that debt. This is in accord with, although not in the exact language of, the law, as laid down in Nugent v. Wolf, 111 Pa. 471, which has since been followed in Elkin v. Timlin, 151 Pa. 491, Bailey v. Marshall, 174 Pa. 602, Crawford v. Pyle et al., 190 Pa. 263, Kelly v. Baun, 6 Pa. Superior Ct. 327, and Weber v. Bishop, 12 Pa. Superior Ct. 51."

The fourth specification assigns as error a portion of the paragraph of the charge of the court, in which the testimony therein set forth was entirely withdrawn from the consideration of the jury. It does not contain a complete proposition and, taken in its connections, was a practical compliance with appellant's request. The case was fairly tried and clearly submitted to the jury for its finding and the only real question involved in it was the credibility of the witnesses on the one side and the other. With the finding of the jury in that behalf we have nothing to do. It was peculiarly and exclusively within their province. Upon a consideration of the whole case, we find no reversible error.

Judgment affirmed.