## Baxter v. Hurlburt.

*Guaranty—Promise to subserve some purpose of guarantor—Statute of frauds.*

Whenever the main purpose of the promisor is, not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the statute.

Where the purpose of a person promising to pay the note of a third party, is to secure himself from being disturbed in the possession of real estate, and the promisee does not disturb such possession, the promise is not within the statute of frauds, and recovery may be had against the promisor.

Argued Oct. 24, 1900. Appeal, No. 77, Oct. T., 1900, by defendant, from order of C. P. Potter Co., Dec. T., 1888, No. 237, sustaining exceptions to referee's report in case of Alfred Baxter v. Henry Hurlburt. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Assumpsit on a promise to pay a promissory note of a third person.

The case was referred to Hon. A. G. Olmstead, as referee,

under the special act of assembly for Tioga and Potter counties. The facts found by the referee are sufficiently stated in the opinion of the Superior Court.

The referee found that the promise of Hurlburt to pay Baxter the debt of Fone was a verbal promise to pay the debt of another, and void under the statute of frauds.

On exceptions the referee reversed his decision and entered judgment for plaintiff of $385.82.

*Error assigned* was in entering judgment for plaintiff.

*W. B. Brightman*, with him *W. I. Lewis*, for appellant.—The case was within the statute: Conrad v. Kellog, 1 Pittsburg Rep. 106; Branson v. Kitchenman, 148 Pa. 541; Unangst v. Hibler, 26 Pa. 150; Riegelman v. Focht, 141 Pa. 380.

*J. Newton Peck*, with him *H. C. Dornam*, for appellee.—The case was not within the statute: Arnold v. Stedman, 45 Pa. 186; Bailey v. Marshall, 174 Pa. 602; Elkin v. Timlin, 151 Pa. 491; Burr v. Mazer, 2 Pa. Superior Ct. 456; Ames v. Foster, 106 Mass. 402; Kelly v. Baun, 6 Pa. Superior Ct. 327; Weber & Co. v. Bishop, 12 Pa. Superior Ct. 51.

OPINION BY WILLIAM W. PORTER, J., January 22, 1901:

On part of a certain lot of ground was a sawmill. This was sold by the sheriff as the personal property of one Fone, and bought in by Hurlburt, who went into possession. Title to the whole lot seems to have vested in Fox and Ross, who sold to Van DeBoe, who agreed to sell to Baxter, who went into possession and made some payments to Van DeBoe on account of the purchase. Hurlburt feared that Baxter intended to lease the ground upon which was the sawmill, to Fone (who had been sold out) from whom Baxter desired to collect a note for some $200. Hurlburt agreed to pay Baxter the amount of Fone's note, if Baxter would not disturb Hurlburt's possession by leasing to Fone. Baxter refrained from so leasing, and now sues Hurlburt on his promise to pay the amount of Fone's note. This is a condensed statement of the facts as found by the referee.

It is contended that the promise of Hurlburt was to pay the

debt of another, and void under the statute.   The answer to this contention is found in the rule of law, that whenever the main purpose of the promisor is, not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the statute: Weber & Co. v. Bishop, 12 Pa. Superior Ct. 51, and cases cited.   Here the main purpose of Hurlburt's promise was not that the debt of Fone should be paid, but that Hurlburt should not be disturbed in his possession of the sawmill.

We are of opinion that no error was committed by the referee in the conclusion reached in his last report, and the judgment is, therefore, affirmed.