# Duncan *v.* Shaw.

*Statute of frauds—Agreement to pay debt of another.*

Whenever the main purpose of a promisor is not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the statute, and this, although the performance of it may incidentally have the effect of extinguishing the liability of another.

Where D. & Co. purchased the business of G. & Co., and agreed to pay G. & Co.'s debt to S. & Co. in consideration of S. & Co. giving the work which they had previously given to G. & Co. to D. & Co., the agreement is not within the statute of frauds, nor does it lack consideration because it is not given for a specified time, nor for a certain amount.

Submitted April 22, 1901.   Appeal, No. 162, April T., 1901, by plaintiff, from judgment of C. P. No. 2, Allegheny Co., Oct. T., 1899, No. 808, on verdict for defendants in case of Duncan & Com-

pany v. Shaw Brothers. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before FRAZER, J.

At the trial the court admitted in evidence various papers, checks and notes which tended to prove that Shaw Brothers had paid a promissory note made by Gundlach & Gale, indorsed by Shaw Brothers and held by a bank. [1–5]

The court charged in part as follows:

[Now that, it seems to me, is the whole question in this case. Did Mr. Duncan, representing Duncan & Company, agree with Mr. Shaw, that if Shaw Brothers would give them their work as they had done to Gundlach & Gale, that Duncan & Company would assume the payment of that note, and that it would be paid in instalments of $25.00 a month. If that agreement was made, then Shaw Brothers had a right to make the payments to the bank each month as the note became due. As the testimony shows, it was a thirty-day note; it became due every thirty days, and it was renewed at the end of each thirty days, and $25.00 was paid every time, with perhaps one exception, when $50.00 was paid, and the total amount of the note was paid, as Mr. Shaw says, after the understanding he had with Mr. Duncan in regard to its payment. If you believe that testimony, then that was the understanding between them, and that the note was paid each month by payments on account by Shaw Brothers, then Shaw Brothers would have a right to charge that amount to Duncan & Company; and if you find that is true, and they had a right to charge that amount to Duncan & Company, then they would have paid to Duncan & Company, or for them, the sum of $447.03, which would include the amount paid on the note, and also the amount allowed as credit on account, and you would deduct from that the sum of $359.35 which Shaw Brothers owe Duncan & Company, which would leave a balance of $87.68. So, if you find Mr. Shaw's contention is the correct one, then he would be entitled to a certificate in favor of Shaw Brothers for the difference between the amount of Duncan & Company's bill and the amount they have paid, which would be $87.68.

225, (1901.)]    Charge of Court—Opinion of the Court.

The burden of proof in this case is on Shaw Brothers. They must show you by the weight of the evidence their right to recover this account. If you find their contention is the correct one, then you can find in their favor in the sum of $87.68.] [6]

[As I look at the case, gentlemen, it seems to me that the verdict must be either for the plaintiffs for $176.72, with interest from March 1, 1899, or a certificate in favor of the defendants for $87.68, with interest from the same date.] [7]

Verdict and certificate for defendants for $95.37. Judgment was entered on the verdict. Plaintiffs appealed.

*Errors assigned* were (1–5) rulings on evidence, quoting the bill of exceptions ;. (6, 7) above instructions, quoting them.

*Frank M. McKelvey*, with him *Joseph A. McDonald*, for appellant.—The case was within the statute of frauds : Nugent v. Wolfe, 111 Pa. 471; Dougherty v. Bash, 167 Pa. 429.

The consideration alleged for the said assumption was indefinite and uncertain : Sherman v. Kitsmiller, 17 S. & R. 45; Scott v. Fuller, 3 P. & W. 55.

*R. C. Rankin* and *J. H. Beal*, for appellees.

OPINION BY WILLIAM W. PORTER, J., May 23, 1901 :

Duncan & Company, the plaintiffs, purchased the book bindery and printing business of Gundlach & Gale. The latter had previously been doing binding work for Shaw Brothers, the defendants. Duncan & Company desired to secure this work. In the negotiations looking to this end it was found that Gundlach & Gale were indebted to Shaw Brothers in the amount of a certain promissory note upon which Shaw Brothers were indorsers and which was held by a certain bank. According to the defendants' testimony, Duncan & Company agreed with Shaw Brothers to become responsible to the latter for the amount of this note which was to be charged to the former in monthly instalments of $25.00. In consideration of this, Shaw Brothers agreed to give certain of their work to Duncan & Company. The parties continued under this alleged agreement until the indebtedness of Gundlach & Gale to the bank was discharged by Shaw

Brothers.   Duncan & Company sued for payment of the amount due for work they had been doing for Shaw Brothers.   Shaw Brothers replied with a bill for printing work done for Duncan & Company plus the amount of the Gundlach & Gale note, together making an amount in excess of the claim of Duncan & Company.   The question which went to the jury was, whether the agreement of Duncan & Company, asserted by Shaw Brothers and denied by Duncan & Company, was in fact made.   The jury found that it was made and rendered a verdict for Shaw Brothers for the amount in which their claim exceeded that of the plaintiffs.

It is said that the contract was without consideration because there was no proof that the work of Shaw Brothers was to be given to Duncan & Company for a specified time or for a certain amount.   The contract set up was apparently not an advantageous one to the plaintiffs, but the jury have found that it was made, and the fact that it was founded upon what appears to be an unprofitable consideration, furnishes no ground to overturn the verdict.   The appellants also contend that the alleged contract was to pay the debt of a third party and, being in parol, was in violation of the statute of frauds and therefore unenforceable.   The main purpose of the promise given by Duncan & Company to pay the defendants the amount of the debt due by Gundlach & Gale was not that the debt should be paid but that the plaintiffs should secure the business of Shaw Brothers. The rule is well settled, that whenever the main purpose of the promisor is not to answer for the debt of another but to subserve some purpose of his own, his promise is not within the statute : and this, although the performance of it may incidentally have the effect of extinguishing the liability of another: Baxter v. Hurlburt, 15 Pa. Superior Ct. 541 ; Weber v. Bishop, 12 Pa. Superior Ct. 51, and cases cited.   We are unable to find in the quotations from the charge any error in the submission of the case to the jury.   No error was committed in the admission of the evidence complained of in the assignments.   The offers were all in the line of supporting the agreement set up by the testimony for the defendants, to which the jury have given credence.

The judgment is affirmed.