# Pizzi v. Nardello, Appellant.

*Appeals—Assignments of error—Evidence—Rule XVI of Superior Court.*

An assignment of error to a ruling admitting or rejecting evidence is defective which fails to set forth the evidence admitted or offered and rejected. It is not enough that the text of the assignment be supplemented by reference to the evidence set out in extenso in the appendix.

Assignment of error to the refusal of the court to strike out testimony will not be considered where no exception was taken at the time, and the testimony is not printed with the assignment.

*Statute of frauds— Writing—Principal and surety.*

A promise by a surety in a building contract to a subcontractor, that if the latter will go on with the work which the surety is compelled to complete he, the surety, will pay the subcontractor for work which the latter had already performed but for which he had not been paid by the contractor, need not be in writing under the statute of frauds. This is especially so where the surety had stipulated for a share of the profits of the contract.

Argued Oct. 8, 1903. Appeal, No. 38, Oct. T., 1903, by defendant, from judgment of C. P. No. 1, Phila. Co., June T., 1902, No. 2911, on verdict for plaintiff in case of Enrico Pizzi v. Joseph Nardello. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit on a parol contract. Before BREGY, J.

The facts appear by the opinion of the Superior Court.

Verdict and judgment for plaintiff for $749.29. Defendant appealed.

*Errors assigned* were in the following form :

1. The court below erred in overruling and not sustaining the objection of defendant to the admission of the following testimony of plaintiff :

" Q. How many perches of stone was laid altogether by you under this contract for Ruhland there, both under the original Frank arrangement and the Nardello arrangement?"

Mr. Gorman : I object to any testimony which goes to show the amount of stone that was laid by Frank and Pizzi as partners and laid for Ruhland in order to charge Mr. Nardello who was security here, and who was to take up this work subsequently and finish it.

Objection overruled.    Exception to defendant.

2. The court below erred in overruling and not sustaining the objection of defendant to the admission of the following testimony of plaintiff :

" Q. Will you just state the amount that was paid to you in the first place ; how much did you get from Frank ?  I don't mean perches, but altogether ? "

Objected to.  Objection overruled.  Exception to defendant.

3. The court below erred in sustaining the objection of plaintiff to the following question :

" Q. Wasn't it Mr. Nardello who got Mr. Ruhland to raise the price from forty-two to forty-five cents for you?  A. In getting the contract everyone put in a good word.  Q. Answer my question.  I don't care about other people putting in good words."

Objected to.  Objection sustained.  Exception to defendant.

4. The court below erred in refusing and overruling defendant's motion to strike out the entire testimony of Hugh Lynch, one of the witnesses.

5. The court below erred in overruling the objection of defendant to the admission of the following testimony of witness John Lynch :

" Q. Was anything said about how much the contract price was, and what he was paying Pizzi? "

Objected to, as the contract is in writing.  Objection overruled.  Exception to defendant.

6. The court below erred in refusing to charge the jury as requested by defendant in his first point for charge as follows :

The promise, if made by Nardello, to pay the debt of Ruhland, contractor, to Frank and Pizzi is without consideration,

is void under the statute, not being in writing, and plaintiff cannot recover from Nardello for work done by Frank & Pizzi.

7. The court below erred in refusing to charge the jury as requested by defendant in his second point for charge as follows :

Under all the evidence in this case the verdict should be for the defendant.

*William Gorman*, for appellant.—The promise was within the statute of frauds : Loomis v. Newall, 32 Mass. 159; Maule v. Bucknell, 50 Pa. 39 ; Dougherty v. Bash, 167 Pa. 429 ; Stewart v. Jerome, 71 Mich. 201; Duncan v. Shaw, 17 Pa. Superior Ct. 225 ; May v. Walker, 20 Pa. Superior Ct. 581; Crawford v. Pyle, 190 Pa. 263.

*Henry K. Fries*, for appellee.—The parol promise was sufficient : Beard v. Heck, 13 Pa. Superior Ct. 390 ; Duncan v. Shaw, 17 Pa. Superior Ct. 225; Malone v. Keener, 44 Pa. 107 ; Bailey v. Marshall, 174 Pa. 602 ; Van Leuven v. Holmes, 13 Pa. Superior Ct. 77; Baxter v. Hurlburt, 15 Pa. Superior Ct. 541; May v. Walker, 20 Pa. Superior Ct. 581.

OPINION BY MORRISON, J., November 16, 1903 :

The defendant appealed from the judgment of the lower court and filed seven assignments of error. The first five of these assignments are so flagrantly in violation of the rules of this court that they will not be considered. Rule XVI. An assignment of error to a ruling admitting evidence is defective which fails to set forth the evidence admitted : Haines v. Young, 13 Pa. Superior Ct. 303 ; Claflin Co. v. Querns, 15 Pa. Superior Ct. 464 ; Swope v. Donnelly, 190 Pa. 417 ; Raymond v. Schoonover, 181 Pa. 352.

It is not enough that the text of the assignment be supplemented by reference to the evidence set out in extenso in the appendix : London Assurance Corporation v. Russell, 1 Pa. Superior Ct. 320.

An assignment is defective which does not show the testimony adduced or proposed to be adduced under the offer admitted or rejected, but merely discloses a question propounded

and objected to and admitted or refused : Commonwealth v. Smith, 2 Pa. Superior Ct. 474 ; Battles v. Sliney, 126 Pa. 460 ; Gish v. Brown, 171 Pa. 479.

These authorities and many others that might be cited dispose of the first three and fifth assignments. The fourth assignment is to the refusal of the court to strike out all of the testimony of Hugh Lynch. But the testimony is not printed with this assignment, and no exception was taken to the refusal of the court, if there was a refusal, and the ruling of the court is not given. This is so bad that no authority need be cited. This record is so badly made up that it is probable the appeal would have been quashed on motion of the opposite counsel, but no such motion was made and we will consider the sixth and seventh assignments on their merits.

On the question of quashing the appeal, see Curtis v. Winston & Co., 186 Pa. 492.

The sixth assignment is : " The court below erred in refusing to charge the jury as requested by defendant in his first point for charge as follows : The promise, if made by Nardello, to pay the debt of Ruhland, contractor, to Frank and Pizzi is without consideration, is void under the statute, not being in writing, and plaintiff cannot recover from Nardello for work done by Frank and Pizzi."

The seventh assignment is : " The court below erred in refusing to charge the jury as requested by defendant in his second point for charge as follows : Under all the evidence in this case the verdict should be for the defendant."

The court did not read these points to the jury, and the only attempt to answer them is in the general charge in these words : " The points except as I have answered them are declined." Then at the close of the charge we find : " Exception to defendant to declination of defendant's points."

Our single question then is this : Was the promise of Nardello, which the jury found against him, to pay the claim of Pizzi against Ruhland, within the statute of frauds and perjuries and void because it was not in writing ? It may be conceded that under some of the early cases this question would be answered in the affirmative. But on the facts as found by the jury and the modern cases we are of the opinion that the undertaking of Nardello was not void under the statute.

Bernard Frank and Enrico Pizzi made a contract in August, 1898, with one Ruhland for the construction of certain houses. Joseph Nardello, the defendant, became surety for the performance of this contract, and he was to have been paid the sum of $720 for the risk he incurred in becoming surety. Frank and Pizzi failed to comply with their contract and Nardello became liable on his bond as their surety. The true relation of Frank and Pizzi to the contract with Ruhland was that Pizzi was to receive forty-five cents per perch for laying the stone walls, and all other sums received from Ruhland under the contract, were to go to Frank. Nardello then made a contract in writing with Frank and Pizzi, Frank acting and signing the contract, whereby Nardello undertook to complete the contract with Ruhland and all profits made thereon were to be divided between Nardello and Frank. Pizzi was not to receive any of the profits. All that he stipulated for was so much per perch for the stone work. The verdict of the jury establishes the fact that as an inducement to Pizzi to proceed with the stone work Nardello made a verbal agreement with him that he would pay him, Pizzi, at the rate of forty-five cents per perch for all of the stone work that Pizzi had already done, and for which he had not been paid, and the same price for all that Pizzi might lay in the future to complete the job. The recovery in this suit is what the jury found was due Pizzi for stone laying that he had done for Ruhland prior to the making of the contract between Nardello and Frank and Pizzi, by Frank, and the value of the work that Pizzi performed under his verbal agreement with Nardello in finishing the job.

The jury having found the facts above stated in favor of Pizzi, we do not think the promise of Nardello to pay the money that was already due Pizzi for stone laying is void under the statute of frauds and perjuries. This for two reasons : 1. Nardello was interested as surety in having the contract performed. 2. He stipulated for all of the profits of the contract to go to himself and Frank, and although Pizzi did not sign this agreement he acquiesced in it and claimed nothing but his price per perch. Hence we think Nardello in making the promise was subserving a purpose of his own and he really made the debt his own.

Upon the facts as found by the jury, on as favorable a charge

as the defendant had any right to ask for, we hold that this case is ruled by many cases in this state, some of which are cited below : Beard v. Heck, 13 Pa. Superior Ct. 390, is a case that does not materially differ in its facts from our case, yet it was held that the promise was not void, but it raised a question for the jury. Opinion by BEAVER, J. Weber and Co. v. Bishop, 12 Pa. Superior Ct. 51, is another case much like the one under consideration, where PORTER, J., demonstrates by a large number of authorities, that whenever the main purpose of the promisor is not to answer for the debt of another, but to subserve some purpose of his own, his promise is not within the statute, and this, although the performance of it may incidentally have the effect of extinguishing the liability of another. Duncan v. Shaw, 17 Pa. Superior Ct. 225, is another well considered case by PORTER, J., to the same effect. Mary E. Bailey v. J. N. Marshall, 174 Pa. 602, is a case by our Supreme Court, opinion by Mr. Justice DEAN, which is to the same effect. See also May v. Walker, 20 Pa. Superior Ct. 581 ; Baxter v. Hurlburt, 15 Pa. Superior Ct. 541 ; Van Leuven v. Holmes, 13 Pa. Superior Ct. 77. We are very clear that these and many other cases that might be cited fully sustain the court below in submitting the question of Nardello's liability to Pizzi, and the amount of it to the jury.

The assignments of error are all dismissed and the judgment is affirmed.