## Heiser et al. v. Fisher et ux.

A. F. Gilbert, for plaintiffs.

Jay G. Weiser and Earl M. Roush, for defendant.

POTTER, P. J., July 30, 1930.—On or about October 7, 1927, the plaintiffs brought suit against the defendants before John H. Willis, Esq., a justice of the peace at Middleburg, Snyder County, Pennsylvania, for the recovery of the sum of $264.42. This bill was originally $299.42, on which Mrs. George V. Fisher had a credit of $35, thus leaving a balance due of $264.42. It seems at the hearing of the case before Justice Willis, it appeared that Mrs. George V. Fisher was not served with the summons, so that, she not being in court, judgment was not given against her, she having been eliminated from the proceedings for that reason, but the justice gave judgment against the husband for the sum stated, viz., $264.42, this sum being for lumber furnished by the plaintiffs to the defendants to be used in the repair of the dwelling occupied by them, the title to which was in the wife.

There appears to have been nothing done on the judgment obtained before Justice Willis. On April 1, 1930, the plaintiffs again brought suit against these same defendants before Justice Bulick, of Selinsgrove, Snyder County,

Pennsylvania, for the recovery of the same debt. And on April 9, 1930, judgment was by this justice rendered against the wife for the sum of $264.42. No judgment was rendered against the husband in this suit for the reason that in 1927, before Justice Willis, judgment had already been pronounced against him. It is to be noted that now we have judgment against the husband, rendered by Justice Willis in 1927, and judgment against the wife, rendered by Justice Bulick in 1930.

The wife has appealed her case to this court from the judgment of Justice Bulick. The plaintiffs have filed their statement. Mrs. George V. Fisher has filed her affidavit of defense in the way of a statutory demurrer, raising questions of law, the principal one being that inasmuch as Justice Willis rendered judgment in 1927 against the husband, no judgment can be recovered in a second suit before Justice Bulick. Or, in other words, the plea now is former recovery. In our judgment, this plea is well taken so far as concerns this husband, but we fail to see how it would be available for the wife, no former judgment having been rendered against her. From remarks of counsel for the plaintiff at the argument, we were led to believe it to be the contention that the judgment entered before Justice Willis, against the husband, had been discontinued, wherefore the second suit against him and the wife before Justice Bulick. A suit may be discontinued before judgment, but not after. It must then be satisfied in order to get it off the records.

The case of Butcher v. South et ux., 10 Phila. 104, seems to be greatly relied upon by counsel for the appellant to sustain their contention that, inasmuch as judgment had been rendered against the husband by Justice Willis in 1927, the plaintiffs are estopped from any proceeding against the wife in 1930 before Justice Bulick. In the case cited suit had been instituted against the husband and judgment given. · Some time after, a second suit was brought against both husband and wife, and on appeal it was held that the plea of former recovery was available for both. From the facts given in the case as reported, we are led to the belief that this was the husband's debt, with no obligation of any kind resting upon the wife to pay her husband's debt. The facts in the case at bar are very dissimilar. The original bargain for the lumber was made by the husband, George V. Fisher, in Perry Township, at the home of the plaintiffs. If this was all, we could dispose of the contention with a few lines. But when the plaintiffs went to the home of the defendants with the first load of lumber, they asked who owned the house. The wife replied that she did, that the lumber was to be used to repair her house and that she would pay for it. The lumber was then, on the strength of that promise, delivered. It was not paid for. Then later the wife wrote the plaintiffs the following letter:

"Northumberland, Pa.

"Mr. H. J. Heiser,                                                              "Aug. 26th, 1924.

"Dear Sir:

"My Husband bought some lumber some time ago from you people, and if he does not pay the balance, please let me know a few weeks ahead of the date it is due and I'll try and make settlement.

"I have my Nash Six Touring Car for sale and if I sell it will make settlement at once, if not, will borrow it when it is due. Should you know of any one on the market for a car, you can direct them here.

"Hoping to hear from you in regard to the lumber

"I remain

"Mrs. Geo. V. Fisher

"Northumberland R. F. D. 2."

This lumber was bought and delivered prior to the date of this letter, viz., on July 31, 1924. We have two promises made by this wife to pay for it, one orally made July 31, 1924, when the first load was delivered, and the second on August 26, 1924, by letter. The oral promise of July 31, 1924, does not fall within the statute of frauds and perjuries because she had an interest of her own in the transaction and made it her own to serve a purpose of her own, viz., to repair her own separate estate: Duncan *v.* Shaw, 17 Pa. Superior Ct. 225; Baxter *v.* Hurlburt, 15 Pa. Superior Ct. 541; Crawford *v.* Pyle, 190 Pa. 263, and many other citations. The letter of August 26, 1924, being in writing, we think is sufficient even if the statute of frauds and perjuries did apply.

We think the case of Butcher *v.* South et ux., *supra*, is not applicable to the case at bar because the facts are not the same by any means.

There is also complaint that the statement of claim filed by the plaintiffs is not sufficient, in that no copy of the plaintiffs' book entries is contained in it. This position we think is well taken. This claim is founded on a charge for lumber furnished by the plaintiffs to the defendants. There should be a book entry of this charge, and a copy of this book entry should be attached to the plaintiff's statement of claim: section five of the Practice Act of 1915, P. L. 483.

To summarize, we have a lot of lumber bought on July 31, 1924, by this husband from the plaintiffs to be used in repairing the house of Mrs. George V. Fisher, and it was so used. The same day she promised to pay for it. On August 26, 1924, she made a promise in writing to pay for it, she having an interest in it for the use of her separate estate. Judgment had been recovered against the husband in 1927 before Justice Willis for the balance due. In 1930, judgment was recovered against the wife for the amount of the bill before Justice Bulick. When she is the owner of the property, and the lumber went into the improvement of it, and she had promised to pay for it orally and in writing, we see no legal reason why she cannot be held to pay the bill. It is also to be noted that at neither of the hearings had before the two justices did either of these two defendants offer a word of testimony.

And now, to wit, July 30, 1930, the specifications set up in the statutory demurrer are dismissed. The plaintiffs are given fifteen days from this date to file an amendment to their statement of claim containing a copy of the book entries of their claim against the defendants, as herein indicated.