156     217
f 31 SC  132

## Lewis *v.* Lewis Lumber Mfg. Co., Appellant.

*Statute of frauds—Guaranty—Collateral undertaking.*

Plaintiff was employed by a contractor to cut timber. He was to receive a certain amount per day, and his board. After he had been working for some time, he said to an agent of defendants, who were owners of the land, that he was afraid he would not be paid for his work. The agent then said to him: "Keep on to work just as you have been; we will see you paid." He kept on at work, and settled with the contractor, who gave him an order on defendants for his wages, and was paid upon it the balance in defendants' hands due to the contractor. Plaintiff then sued defendants for the balance due. *Held,* that the agreement of defendant's agent was a collateral undertaking, within the statute of frauds, upon which there could be no recovery.

Argued April 12, 1893. Appeal, No. 363, Jan. T., 1893, by defendants, from judgment of C. P. Luzerne Co., March T., 1892, No. 347, on verdict for plaintiff, Levi N. Lewis. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM and THOMPSON, JJ.

Appeal from judgment of alderman.

The facts appear by the opinion of the Supreme Court.

Binding instruction for defendant refused by LYNCH, J. [6] Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* was (6) above instruction, quoting it.

*G. L. Halsey,* for appellants, cited : Hays & Wick v. Lynn, 7 Watts, 524 ; R. R. v. Johnson, 7 W. & S. 317 ; Moore's Ex'rs v. Patterson, 28 Pa. 505 ; Nugent v. Wolfe, 111 Pa. 481 ; Shoemaker v. King, 40 Pa. 110 ; Maule v. Bucknell, 50 Pa. 52.

*John M. Garman,* for appellee, cited : Lamb v. Irwin, 69 Pa. 442 ; Central Pa. Telephone Co. v. Thompson, 112 Pa. 133 ; Chouteaux v. Leech & Co., 18 Pa. 224 ; Adams Ex. Co. v. Schlessinger, 75 Pa. 246 ; Am. Life Ins. Co. v. Shultz, 82 Pa. 51 ; Thomas & Sons v. Cummiskey, 108 Pa. 361 ; Brooke v. N. Y., L. E. & W. R. R., 108 Pa. 546 ; The Odorilla v. Baizley, 128 Pa. 293 ; Woodwell v. Brown, 44 Pa. 121 ; Nugent v.

Wolfe, 111 Pa. 480; Hewes v. Taylor, 70 Pa. 391; Justice v. Tallman, 86 Pa. 147; 3 Parsons, Contracts, 5th ed. 20; James v. Spaulding, 4 Gray, 452

OPINION BY MR. JUSTICE WILLIAMS, July 19, 1893:

The facts in this case raise a question under the statute of frauds and perjuries. The evidence shows that Avery was a jobber, having a contract with the company defendant to peel and pile hemlock bark at an agreed price per cord. He employed and took with him into the woods several men to work upon his job. Levi N. Lewis, the plaintiff, was among the men so employed, and he was to receive one dollar per day for his work, and his board. After he had been at work for some time he alleges that, on one occasion when Adams, the inspector and superintendent of the lumber company, was looking over the work being done on Avery's job, he had a conversation with him. He says he told Adams that he understood Avery was poor and that he was afraid he might not get pay for his work if he kept working for him. To this statement he says Adams replied: " Keep on to work just as you have been to work; we will see you paid." He kept on at work with Avery and his men, and boarded with them just as before. When the job was completed he settled with Avery, took his order on the lumber company for the balance due him on his work, presented the order to the lumber company, and was paid upon it the balance in the hands of the company due to Avery. He now sues the lumber company for the balance left due him upon the order, alleging that the conversation he had with Adams amounted to a hiring by the company or an original undertaking to pay him for his work. Adams positively denies the conversation with Lewis on which he rests his right to recover, but the verdict must be taken as settling the question in favor of the plaintiff, so that our question is over its legal effect. Did the words that are attributed to Adams make an original or a collateral undertaking? The accompanying facts are not involved in controversy. The plaintiff had been hired by Lewis at the price of one dollar per day and board. He had been at work for sometime under this contract of hiring. He kept on at work in the same way and boarding with Avery in the same manner that he had been doing. He gave no notice to Avery that he

had ceased to work for him, and entered the employment of the lumber company. When the work was finished he did not go to the lumber company to settle, but to Avery. After settling with him he took his order on the company for the amount found to be still due him for his work. He presented this order to the company for payment and received upon it the amount the company was willing to pay. Then he brought this suit, for the amount remaining unpaid, against the company, alleging a hiring by Adams by virtue of the conversation already stated. Now if the language attributed to Adams imports an undertaking, it is evident in view of the circumstances referred to, and the conduct of Lewis, that he understood the undertaking was to be responsible for the payment of his wages by Avery. The words employed import nothing more. "Keep on to work just as you have been to work, and we will see you paid." If you keep on at work for Avery just as you have been at work, we will be responsible for his promise to pay you.

This was a collateral undertaking. It was an agreement to be liable for the debt or default of another. The statute provides that "No action shall be brought whereby to charge the defendant on any special promise to answer for the debt or default of another, unless the agreement upon which such action shall be brought, or some memorandum or note thereof, shall be in writing, signed by the party to be charged therewith, or some other person by him authorized."

This action is not brought for wages on an original contract of hiring, but for a balance due upon the plaintiff's contract with Avery.

Putting it in the strongest light for the plaintiff that the facts and the alleged contract will bear, it amounts to this: Avery had hired the plaintiff, boarded him, and paid him within about twenty-five dollars of the total due him. Adams had promised that the company would see him paid. To the extent of Avery's default the plaintiff now seeks to hold the company for Avery's debt. If Avery had not made default the lumber company could under no circumstances have been made liable to the plaintiff. Because he has made default this suit is brought upon a promise to be liable for such default. It is not easy to see how a case could be imagined that would fall more clearly under the statute than the one now before us.

The judgment for this reason must be reversed.