# J. H. Van Leuven *v.* W. H. Holmes.

*Parol promise to pay debt of another—Statute of frauds—Act of April 26, 1855, P. L.* 308.

Whenever the defendant's promise is in effect to pay his own debt, though that of a third person be incidentally guaranteed, it is not necessary under the statute of frauds, that it should be in writing.   Crawford v. Pyle, 190 Pa. 263, and Bailey v. Marshall, 174 Pa. 602, cited and approved.

A verbal promise by an owner to pay the workmen employed by his general contractor for the erection of a building made before the performance of the work, is not a guarantee to pay the debt of another; the promise makes it his own debt, and it is not within the statute.

Argued Jan. 10, 1900.   Appeal, No. 38, Jan. T., 1900, by defendant, from judgment of C. P. Luzerne Co., Oct. T., 1898, No. 1433, on verdict for plaintiff.   Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed.   Opinion by BEAVER, J.

Assumpsit.   Before WOODWARD, P. J.
The facts sufficiently appear in the opinion of the court.

The trial court charged the jury in part as follows:
The allegation of the defendant here is that he is not liable in this action by this workman, for the reason that he had a contract with Alvin Holmes, the contractor; [and that while he did promise to pay workmen who did the work upon the

house, he never promised to pay beyond the amount called for in the contract;] [1] and therefore, if called upon now to pay this particular claim he will pay that much more than the contract compels him to pay. . . .

[Unfortunately, gentlemen, there has never been a final settlement in this case between the owner and the contractor, and an exact ascertainment of the amount of the extra work contemplated by article 3 of the contract, which provides for an adjustment of any claim of that sort, first, by the architect; if not by the architect, by umpires. Did the owner of this property order certain articles not contemplated by the contract, and thus become indebted to the contractor beyond the contract price; or if he did, has the contractor been paid in full including such charge? These are some of the questions which naturally arise in the case.] [1]

Plaintiff's points and the answers thereto were as follows:

[1. If the jury believe the evidence offered on the part of the plaintiff, that when the contractor hired him to work upon the building in question, he assured him that the owner would pay him for his labor, and the owner subsequently assured the plaintiff that he would be responsible for his wages and would pay the same to him, that the leading object of the promise made by the owner was to subserve an interest or purpose of his own, namely, to see that all claims for materials used in, and work performed on, the building were paid, and that there is due and owing to the plaintiff the amount of his claim in this action for work done on said building, then the plaintiff is entitled to a verdict at your hands from the defendant for the amount of his claim and interest thereon. *Answer:* That point we affirm.

2. If the jury believe from all the evidence that the owner of the building, the defendant in this action, undertook and assumed to pay plaintiff for his work and labor performed in connection with the erection of the building absolutely, without any condition, limitation or reservation, than he is liable to the plaintiff for the amount owing to him, even though such amount with the other bills paid by the defendant should exceed the contract price of the erection of said building. *Answer:* That point we affirm.

3. Where the owner contracts with another for the erection of a building and agrees to pay the claims for labor performed

in the erection of said building, and makes a verbal promise to the laborer to carry out such stipulation, the legal effect of such undertaking is not a guarantee to pay the debt of another, but to pay his own debt. *Answer:* As a statement of a legal proposition, I think that may be affirmed.] [2]

Defendant's third point and the answer thereto were as follows:

[3. Under all the testimony in the case, the verdict should be for the defendant. *Answer:* That is the common point put in many cases, which we decline to affirm, because it is a question for the jury to decide, and not for the court.] [3]

Verdict and judgment for plaintiff. Defendant appealed.

*Errors assigned* were (1–3) above instructions, reciting them.

*W. I. Hibbs,* for appellant.—The alleged promise was within the first section of the statute of frauds: Act of April 26, 1855, P. L. 308; Shoemaker v. King, 40 Pa. 107; Gheen's Est., 7 W. N. C. 66; Eshleman v. Harnish, 76 Pa. 97; Gable v. Graybill, 1 Pa. Superior Ct. 29; Lewis v. Lewis Mfg. Co., 156 Pa. 217; Railroad Co. v. Johnson, 7 W. & S. 317; August v. Wolfe, 111 Pa. 471, 480; Haverly v. Mercur, 78 Pa. 257.

*E. K. Little,* with him *John McGahren,* for appellee, cited Lefevre v. Bank, 2 W. N. C. 174, Merriman v. Liggett, 1 W. N. C. 379, Ueberroth v. Reigel & Bro., 71 Pa. 280, Watson v. Porzel, 158 Pa. 513, and Malone v. Keener, 44 Pa. 107.

OPINION BY BEAVER, J., March 21, 1900:

The defendant by an agreement in writing contracted for the erection of a house. He paid for materials and labor upon orders drawn by the contractor. The plaintiff was a mechanic who worked upon the house; the orders drawn by the contractor for his wages were regularly paid by the defendant, until that for the last work done by him which was not paid upon presentation, but which plaintiff testifies he promised to pay after collecting the unpaid bills for which he was liable. There is evidence also that he made a distinct promise to pay the workmen at the time when a previous order was presented.

It is also in evidence that at the time the order, upon which recovery is sought, was presented, the defendant had in his hands, as due upon the contract for the erection of his house, more than the amount of the order. There is conflict of testimony between the plaintiff and the defendant as to the promise to pay this particular order, or of any previous promise to pay the workmen. If any promise was made, it was not in writing, and the defendant invokes the protection of the act of April 26, 1855, P. L. 308, known as the statute of frauds, for that reason. The jury believed the testimony of the plaintiff and found a verdict in his behalf.

No exception was taken in the court below to the charge of the court or to the answers to the points submitted, and the specifications of error are not made in accordance with our rules, but the appellee has distinctly waived all technical objections and has requested that the case be disposed of as if the exceptions had been regularly taken and the specifications of error properly assigned.

The single question involved is whether the statute of frauds applies in the present case. As was said in Malone v. Keener, 44 Pa. 107, " It is a general principle which prevails in all cases under the fourth section of the statute of frauds, from which our act is copied, that whenever the defendant's promise is in effect to pay his own debt, though that of a third person be incidentally guaranteed, it is not necessary it should be in writing." This principle was reasserted in Crawford v. Pyle, 190 Pa. 263, and applies in the present case. The defendant preferred to pay upon the orders of his contractor. The debt discharged was his own, although incidentally it may have been also the indebtedness of his contractor to his workmen. See also Bailey v. Marshall, 174 Pa. 602, in which it was held that the act relied upon here " was never intended to relieve him who had a personal beneficial interest in the assumption."

It may be urged, and the effort was made to show, that at the time of trial the defendant was not only not indebted to but had actually overpaid his contractor. This was denied and raised an issue which, of course, could not then be determined. Admitting, however, for the purposes of this case that the defendant's allegation was true, his liability upon his

alleged verbal promise could not be changed, if such a liability at any time existed. At the time of the first alleged promise work upon the house had scarcely more than commenced. At the time of the presentation of and alleged promise to pay the order of the contractor upon the defendant, which is the basis of the present suit, defendant, according to his testimony, had at least $1,300 in his hands, which was afterwards paid upon lumber furnished for his building. He preferred to pay the material men, who had a right to file a mechanic's lien, rather than the laborers who had no such right. The question involved in the case, therefore, was simply one of fact. Did the defendant make the promise or did he not? If he did, he was liable. This question was fairly submitted to the jury by the court below. The court in the charge to the jury discussed the question of the indebtedness of the defendant to the plaintiff, and the contradictory claims made by the contractor and the defendant, but did not submit that as the crucial question in the case. The real question submitted was " Did this defendant bind himself to pay all orders issued by the contractor upon him during the progress of this building, no matter what they amounted (to) in the aggregate, that is, without reference to the contract at all, or was the bargain such as the defendant alleges that, while he (the contractor?) was to issue orders to the workmen, and he was not bound to issue (pay) more orders in the aggregate sum than the contract price called for? That is the main question for you to decide."

There was no error in the answers to points. The propositions affirmed are all based upon well settled cases.

Upon a consideration of the whole case, we see nothing in it which would justify a reversal. The assignments of error are, therefore, all overruled and the judgment is affirmed.