## Potter *v.* Greenberg, Appellant (No. 2).

*Contract—Agreement by owner to pay material men—Statute of frauds.*

Where an owner and builder agrees to pay a contractor for both labor and material but subsequently agrees to pay the material man of the contractor directly for the material, and at the time accepts an order drawn by the contractor in favor of the material man payable after the completion of the contract, the owner and builder is liable directly to the material man for the material furnished, notwithstanding the order, and notwithstanding the facts that the claim of the material man does not reach the amount of the order, and the contractor does not fully complete his contract. In such a case the statute of frauds has no application.

Argued Dec. 18, 1903. Appeal, No. 121, Oct. T., 1902, by defendant, from order of C. P. No. 2, Phila. Co., June T., 1901, No. 4352, sustaining exceptions to referee's report in case of Jacob F. Potter to use of Charlotte F. Potter v. Solomon Greenberg. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Exceptions to report of John C. Bell, Esq., referee.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was in sustaining exceptions to referee's report.

*J. Quincy Hunsicker*, for appellant.

*William W. Porter*, with him *Charles L. Smyth* and *Russell Duane*, for appellee.

OPINION BY MORRISON, J., March 14, 1904:

This suit was brought in the common pleas and after issue joined was referred to John C. Bell, Esq., as referee. The learned referee took the testimony and heard the parties and recommended that judgment should be entered in favor of the defendant. To the referee's findings of fact and conclusions of law over forty exceptions were filed on the part of the plaintiff, and upon argument the learned court sustained twenty-two of these exceptions and reversed the action of the referee and granted judgment in favor of the plaintiff for the full amount of his claim, to wit: $1,015.69 with interest, less the amount of a judgment recovered by the same plaintiff against the same defendant at No. 210, March term, 1901, in common pleas No. 2 of Philadelphia county, which judgment was upon a promissory note given by the defendant to the plaintiff to apply on the claim stated in the present case. From the judgment in that case there is an appeal to this court at No. 120, October term, 1903, in which the judgment of the court below is affirmed by an opinion filed this day.

The learned court below in sustaining the twenty-two exceptions, and granting judgment contrary to the report of the learned referee, did not file any findings of fact, conclusions of law or opinion. And, therefore, considerable burden has been placed upon us which would have been obviated by a careful statement by the court below of the reasons, facts and legal conclusions supporting the judgment.

It appears that McCorkell and Brother, plasterers, entered into a contract with the defendant for the furnishing of material and plastering a large number of buildings, which the defendant was constructing for himself in the city of Philadelphia; that prior to August 27, 1900, the defendant desired McCorkell and Brother to proceed with the plastering of these

buildings ; that McCorkell and Brother requested the plaintiff
to furnish them the lime, hair and other material necessary for
their plastering job for the defendant; that the plaintiff was
not willing to furnish this material on their credit, and on Au-
gust 27, 1900, an interview took place between the three parties
above referred to, which resulted in McCorkell and Brother
drawing an order on the defendant in favor of the plaintiff for
the payment of the sum of $1,500 in cash, or at the option of
the defendant in two promissory notes, sixty days after the
completion of the plastering by McCorkell, which order was
signed by said McCorkell and Brother, accepted by the defend-
ant in writing and delivered to the plaintiff; that the plaintiff
from and after August 31, 1900, to November 7, 1900, sold
and delivered the materials which gave rise to this suit, and
they were delivered for use by McCorkell and Brother on the
said buildings of the defendant; that after a portion of the
material had been delivered the defendant executed and deliv-
ered to the plaintiff a promissory note for $400, and the
same was receipted upon the said order of $1,500, and that note
is the plaintiff's claim in the case at No. 120, October term,
1903.

The learned referee states in his opinion " that the question
in this case is a very narrow one ; it is simply whether the lime,
hair and cement of the aggregate price of $1,015.69 were pur-
chased by defendant under a verbal agreement with plaintiff, as
averred in plaintiff's statement, and sought to be established
by the testimony in his behalf,—or whether the said materials
were in fact sold to McCorkell and Brother, and delivered to
them at and for use in defendant's buildings.   The referee's
findings of fact established that the materials were sold to Mc-
Corkell and Brother and not to defendant.   It follows that
under plaintiff's statement he cannot recover in this suit."

A careful examination of the testimony convinces us that
the pinch of the case is right here.   The learned court below,
evidently from the exceptions sustained, considered that the
sale of the material was to the defendant by the plaintiff and that
the $1,500 order was executed and delivered to subserve the
purpose of the defendant so that he would have authority
for charging whatever amount he paid to the plaintiff over
against the claim of McCorkell and Brother, his contractors.

Our conclusion is that the learned court below was correct in so holding. It seems to us that it was not the intention of the parties that the defendant should pay the plaintiff the exact sum of $1,500 sixty days after McCorkell and Brother should have completed their entire contract with the defendant. But on the contrary the intention was that the plaintiff should furnish the material on the order of McCorkell and Brother and charge the same to the defendant and that he should be liable therefor in any amount not exceeding $1,500. We think a fair and reasonable construction of the evidence warrants this conclusion. It seems to us unreasonable to suppose that it was ever in the contemplation of the parties that the plaintiff could not recover for his material unless he sold and delivered the exact amount of $1,500, and unless McCorkell and Brother entirely completed their contract with the defendant in accordance with the terms thereof. Such a construction would manifestly lead to injustice to the plaintiff. It is averred in the plaintiff's declaration and we think fairly well sustained by the testimony that the plastering contract was completed before this suit was brought. It is true the defendant contends that McCorkell and Brother did not complete their contract and we understand him to claim that it was completed by other parties. Let this be granted and yet it does not follow that the defendant should have the benefit of $1,015.69 worth of the plaintiff's material, charging the same against McCorkell and Brother, his contractors, and then refuse to pay the plaintiff anything because (1) his claim did not amount to $1,500, and (2) because McCorkell and Brother did not fully complete their contract with the defendant.

It may not be out of place to note here that the defendant is just as vigorously resisting payment of the $400 note which he gave the plaintiff on account of material furnished as he is resisting the recovery in this case.

In our opinion the true version of this transaction is that the defendant was the plaintiff's debtor for any amount of material he furnished to McCorkell and Brother, provided the same did not exceed the sum of $1,500. If this is so then there is no question of the statute of frauds and perjuries in this suit. The defendant had originally agreed to pay McCorkell and Brother for both labor and materials, but at the

time of executing the order and acceptance a new bargain was entered into with McCorkell and Brother whereby the defendant agreed to pay the plaintiff for the materials. This engagement to pay Potter was in relief of his previous engagement to pay McCorkell and Brother and it was made with the consent of all the parties interested. The defendant's contract was, therefore, to pay his own debt for materials to be furnished to him in constructing his own buildings, and he has had the benefit of these materials and does not pretend that he has paid anyone for them. In Landis v. Royer, 59 Pa. 95, the action was against the owner of a building on a parol promise to pay for materials, and it was attempted to be shown that the materials were sold to the contractor. The Supreme Court said (p. 98) : "Unless there was some other equitable consideration, which is not presented to vary the case in the points put to the judge, surely there can be no question that it would have been immoral and unjust for the defendant to enjoy the plaintiff's property without paying him for it." If we are correct in our construction of the transaction between the plaintiff and the defendant the statute of frauds and perjuries has no application: Malone et al. v. Keener, 44 Pa. 107. This case is quoted with approval in Crawford v. Pyle and Brown, 190 Pa. on p. 272.

We are forced to the conclusion that the learned referee allowed technicalities and an erroneous interpretation of the evidence to lead him to an unjust conclusion. His determination is in effect that on account of bare technicalities the defendant must be allowed to have and receive the plaintiff's property to the amount of his claim in this suit and yet escape payment therefor. We do not discover any sufficient reasons to convict the court below of error in reaching a different conclusion. We are of the opinion that the learned referee under all of the evidence ought to have found that the plaintiff's material was sold to the defendant and that the order in question was collateral security, and that it was executed and delivered to subserve the purpose of the defendant, and that it cannot be used to defeat the right of the plaintiff to recover from the defendant the actual value of the material sold and delivered, in pursuance of the arrangement between the parties and actually used on and in the buildings of the defendant.

We are not disposed to examine the large number of assignments of error separately as, we think, enough has been said to warrant an affirmance of the judgment in this case.

The assignments of error are all dismissed and the judgment is affirmed.