# Bruce, Appellant, *v.* Howley.

*Contract—Building contract—Debtor and creditor.*

Where a person holds property which was turned over to him to be applied in discharge of another's debt, the thing which was the consideration of the promise passes to the beneficiary, and an action will lie in his favor against the promisor. In such a case the beneficiary is not a stranger to the consideration, and the promisor is in the attitude of a trustee as to him.

Where an owner of land enters into an agreement with a general contractor by which the latter is to erect on the land a number of houses, but is not to furnish the plumbing work, and the owner enters into a special contract with a plumber for the plumbing work, but subsequently conveys the property to a third person under an agreement by which the grantee assumes liability for all debts incurred by the owner in the operation, the plumber may maintain an action against the grantee for the debt incurred by the owner to the plumber.

Argued May 3, 1905. Appeal, No. 253, April T., 1905, by plaintiff, from order of C. P. No. 1, Allegheny Co., Dec. T., 1902, No. 890, refusing to take off nonsuit in case of Charles A. Bruce v. Frank P. Howley. Before BEAVER, PORTER, MORRISON and HENDERSON, JJ. Reversed.

Assumpsit for work and labor. Before MACFARLANE, J.

The facts appear by the opinion of the Superior Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*F. P. Iams*, with him *C. C. Brock*, for appellant.—It was perfectly competent for Howley to enter into the contract for the payment of the bill sued upon as a part consideration for the property conveyed to him : Delp v. Brewing Co., 123 Pa. 42 ; Potter v. Greenberg, 24 Pa. Superior Ct. 505 ; Landis v. Royer, 59 Pa. 95.

*Thomas B. Alcorn*, for appellee.—The case of Delp v. Brewing Co., 123 Pa. 42, does not apply, for the reason that Mr. Howley, the purchaser of the property, did not agree to pay the vendor's creditors.

OPINION BY HENDERSON, J., October 9, 1905 :

In September, 1901, W. E. Hilderbrand entered into a written agreement with W. E. Harton for the erection of nineteen houses on land belonging to the former. Being unable to carry out the undertaking from lack of money, Hilderbrand, on June 14, 1902, conveyed to the defendant, the lots on which the houses were in process of erection. Howley accepted the conveyances " subject to all legal claims on account of said mortgages, building contracts, and all legal claims for labor and materials furnished in and about the erection of said houses." He further agreed to pay Hilderbrand $750 in cash ; to release Hilderbrand from judgments and to assume and settle all lawful claims and judgments for purchase money against said buildings. The agreement also recites that it is the intention of the parties that Hilderbrand is to step down and out and be relieved from all claims against him arising from the purchase of said lots and the placing of the buildings thereon. While Hilderbrand was the owner of the property and after the execution of the contract between him and Harton, he asked the plaintiff to submit bids for the plumbing to be placed in the houses. The plaintiff alleges that his bid was accepted by Hilderbrand, that the latter directed him to proceed with the work and promised to pay him, and that pursuant to that agreement he proceeded with the execution of the contract ; that after $600 or $700 had been invested by him in labor and materials, Hilderbrand being unable to pay any money on the contract, the plaintiff stopped work and the contract was rescinded by him and Hilderbrand. The plaintiff's action is against the defendant on the contract of June 14, 1902. Under that contract the defendant acquired title to Hilderbrand's property, including the improvements which Hilderbrand had placed thereon and for which he was liable, and as a part consideration therefor was to pay Hilderbrand's obligations, as set forth in the agreement. At the time the plaintiff's bid was accepted by Hilderbrand, Harton, the contractor, was present and indorsed on the bid " Accepted at $377 per house," to which indorsement Harton and Bruce signed their names. The plaintiff alleges that his contract was made directly with Hilderbrand; that Hilderbrand had full authority to make the contract under an arrangment between him

and Harton made subsequently to the building contract by which the contract for the plumbing was reserved to Hilderbrand with the right to let the contract at such price as he might be able to secure, and that he should have the benefit of the reduced price on the final settlement, and that the indorsement of the acceptance signed by Harton was made at the instance of Hilderbrand for the convenience of Hilderbrand and Harton, and that it was not and was not intended to be a contract between the plaintiff and Harton.

It is clear that the undertaking of the defendant to pay such claims and debts of Hilderbrand as are set forth in their agreement referred to is a valid obligation, of which the persons intended to be benefited may take advantage. The plaintiff was not a party to that contract, but if the defendant holds property which was turned over to him to be applied in discharge of Hilderbrand's debt to the plaintiff, the thing which was the consideration of the promise passes to the beneficiary, and an action will lie in his favor against the promisor. In such a case the beneficiary is not a stranger to the consideration, and the promisor is in the attitude of a trustee as to him : Hostetter v. Hollinger, 117 Pa. 606 ; Adams v. Kuehn, 119 Pa. 76. In the recent case of Potter v. Greenberg, 24 Pa. Superior Ct. 505, we held that where an owner agreed to pay a contractor for both labor and material but subsequently agreed to pay the material man of the contractor directly for the material furnished, the material man could maintain an action against the owner on the agreement. This is what the plaintiff offered to prove in the court below. It was proposed, as set forth in the first, second and third assignments of error, to show that the plaintiff's contract was directly with the owner, and that this was done on an arrangement between the owner and Harton, the general contractor. We consider this evidence competent if the plaintiff is within the terms of the agreement of June 14. According to that contract Howley took the property subject to all legal claims for labor and materials furnished in and for the erection of the houses. Hilderbrand was to be relieved from all claims against him arising from the purchase of the lots and the placing of the buildings thereon, and Howley was to release Hilderbrand from judgments and to assume and settle all lawful

claims and judgments for purchase money against the buildings. These provisions are broad enough to include the claim of the plaintiff if he made the contract as alleged with Hilderbrand. It was the evident intention of the latter to secure the payment of all debts incurred in the erection of the buildings. Howley received the property benefited by the labor and material of the plaintiff, and no sufficient reason is apparent why he should not pay to the plaintiff that part of the consideration going to him under the contract of June 14. The learned judge of the court below seems to have been under the impression that the indorsement of the acceptance of the plaintiff's bid constituted the contract under which the work was done. It was competent, however, for the plaintiff to explain why that was done and to show as proposed in the offer contained in the first assignment of error that the acceptance was made for Hilderbrand and was so understood by all the parties.

The assignments of error are sustained, the judgment is reversed, and a venire facias de novo awarded.