## Rancil *v.* Krohne, Appellant.

*Statute of frauds—Guaranty—Collateral undertaking.*

An owner of a building operation, fearing that men employed by the contractors would quit work, said to them: "I want you men to stay with the job and complete it, and if you are afraid that you will not get your money, I will see that you get your pay." *Held*, that the undertaking of the owner was a promise to pay the debt of another, and, not being in writing, was void under the statute of frauds.

Argued April 10, 1906. Appeal, No. 104, April T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1903, No. 257, on verdict for plaintiff in case of A. J. Rancil v. Otto Krohne. Before RICE, P. J., PORTER, HENDERSON, MORRISON and HEAD, JJ. Reversed.

Appeal from judgment of a justice of the peace. Before COLLIER, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $85.00. Defendant appealed.

*Error assigned* was refusal of binding instructions for defendant.

*A. B. Stevenson*, for appellant.—This case is ruled by case of Lewis v. Lumber Mfg. Co., 156 Pa. 217.

See, also, Dougherty v. Bash, 167 Pa. 429; Gable v. Graybill, 1 Pa. Superior Ct. 29.

*S. R. McClure*, for appellee.

OPINION BY MORRISON, J., May 14, 1906:

In the summer and fall of 1902, the plaintiff, a carpenter, was in the employ of one S. J. Brush, a contractor, at Swissvale. The plaintiff settled with Brush, at the completion of his work, and it was agreed that the sum of $85.00 was due him. It seems to be conceded that the plaintiff brought suit against Brush and recovered a final judgment for this amount and issued execution thereon, but failed to collect anything. Thereupon the present suit was brought before a justice of the peace against the defendant, with whom Brush had the contract upon which the plaintiff worked. Upon appeal from the judgment of the justice, the case was tried in the common pleas and a verdict and judgment obtained against the defendant for the full amount of the plaintiff's claim, and from that judgment we have the present appeal.

The record contains five assignments of error, but we think a single question raised by the assignments will dispose of the case. This question is whether certain oral representations and promises made by the defendant to the plaintiff, constitute an original undertaking for which the defendant would be liable, or a collateral undertaking or agreement to be liable for the debt or default of another. The evidence upon this question is flatly in conflict between the plaintiff and defendant, but the jury having found in favor of the plaintiff, his version of the undertaking must be accepted as correct. He testified that the defendant said: "I don't want to see you men quit. I have got this building leased; I am to give possession on the first of January." He said: "If you men quit, then Mr. Brush is going to have trouble to get anybody to complete the job." He said: "Another set of men would come on the job, and they would want to know why you quit, and if they found out the nature of the case they wouldn't go to work;" and he said, "I want to see you men stay with the job and complete it, and if you are afraid you will not get your money, I will see that you get your pay. That was his words as near as I can re-

member, and on that strength we stayed there and completed it." The plaintiff further testified that at the time he had the conversation with the defendant Brush owed him $35.00 ; that he worked on to the finishing of the job, for Brush, and in the meantime received $57.00, and that on January 9, when he quit working, there was a balance due him of $85.00.

In the opinion of all of the judges who sat at the argument of this case, the undertaking of the defendant was not an original promise to pay the plaintiff for labor to be performed for the defendant, but it was a collateral undertaking to be liable for the debt and default of another, not in writing, and, therefore, the defendant is not liable.

We think this case is ruled by Lewis v. Lumber Manufacturing Co., 156 Pa. 217. In that case, as shown by the syllabus : " Plaintiff was employed by a contractor to cut timber. He was to receive a certain amount per day, and his board. After he had been working for some time, he said to an agent of defendants, who were owners of the land, that he was afraid he would not be paid for his work. The agent then said to him : '' Keep on to work just as you have been ; we will see you paid." He kept on at work, and settled with the contractor, who gave him an order on defendants for his wages, and was paid upon it the balance in defendants' hands due to the contractor. Plaintiff then sued defendants for the balance due. Held, that the agreement of defendants' agent was a collateral undertaking, within the statute of frauds, upon which there could be no recovery." At the close of the opinion of the Supreme Court, page 219, it is said : " It is not easy to see how a case could be imagined that would fall more clearly under the statute than the one now before us."

Upon a careful consideration of the present case we are unable to discover any material thing taking it out of the rule above stated.

In Dougherty & Co., Appellants, v. Bash, 167 Pa. 429, it was held as stated in the syllabus : " Under a parol agreement, plaintiffs were to continue to sell goods to certain of their customers and obtain from them all the cash they could, and take their notes for the balance due upon each month's settlement, and ' defendant would discount said notes for plaintiffs without recourse.' There was nothing said about the original debt

being extinguished by the giving of the notes. Held, that the agreement was within the statute of frauds, and could not be enforced." The essence of that decision is that the debts of the customers were the original ones and they were not extinguished, and, therefore, the promise of the defendant was simply to indemnify the sellers against the purchaser's default, and, therefore, it was a contract of indemnity, and was clearly a contract within the statute of frauds.

In the present case, on the plaintiff's own testimony, the debt was that of Brush and not of the defendant. The plaintiff testified in substance that at the time he talked with the defendant, Brush owed him $35.00 ; that after that he paid him $57.00, and that the balance of his earnings amounted to $85.00 when he quit working ; that he kept right on working without any further conversation with the defendant; that Brush continued right on until the job was finished ; that he worked under Brush until he (defendant) quit, and that Brush owed him $85.00 when he finally quit working. " Q. That amount was agreed upon between you and Mr. Brush as being proper? A. Yes, sir. Q. Had you any contract with Mr. Krohne as to the amount per day or hour you were to receive? A. No. Q. And no talk about that? A. No."

Thus it appears perfectly clear that the plaintiff worked for Brush and the $85.00 was due from him, and it is conceded that he sued Brush and obtained a judgment against him for this identical work. But now he seeks to recover another judgment against the defendant for the same work on the collateral undertaking which has hereinbefore been quoted. If his cause of action is not within the statute of frauds and perjuries, then we are unable to imagine a case that would fall within that statute : Nugent v. Wolfe, 111 Pa. 471; Riegelman v. Focht, 141 Pa. 380.

In May v. Walker, Appellant, 20 Pa. Superior Ct. 581, we held as stated in the syllabus: " As a general rule when the leading object of the promise or agreement is to become guarantor or surety to the promisee for a debt for which a third party is and continues to be primarily liable, the agreement, whether made before or after or at the time with the promise of the principal is within the statute, and not binding, unless evidenced by writing. On the other hand, when the leading ob-

ject of the promisor is to subserve some interest or purpose of his own, notwithstanding the effect is to pay or discharge the debt of another, his promise is not within the statute."

The learned counsel for the appellee cites and relies on Gable, Appellant, v. Graybill, 1 Pa. Superior Ct. 29, but an examination of the exhaustive opinion of President Judge RICE in that case does not sustain the counsel's contention. In that case the promise was : " keep on with your work, and I will see you paid." This, " constitutes a promise to see that the principal performed his obligation, and, not being in writing, falls within the statute of frauds." We consider that case strongly against the plaintiff.

The counsel also cites Speers v. Knarr, Appellant, 4 Pa. Superior Ct. 80, but that was a case where a vendor delivered lumber to one at the request and on the verbal agreement of another in substance that he would pay for it, and, of course, the undertaking was not a guaranty and not within the statute of frauds, because it was an original undertaking and, in its legal effect, was the same as the sale and delivery of lumber to any person who purchases it and agrees to pay therefor.

We are also referred to our own case of Pizzi v. Nardello, Appellant, 23 Pa. Superior Ct. 535. That case was affirmed by the Supreme Court in 209 Pa. 1, but a careful examination of the facts on which that decision rests will clearly distinguish it from the present case. There the surety was legally liable, and in making the promise he was subserving a purpose of his own, and made the debt his own.

We are also referred to Van Leuven v. Holmes, 13 Pa. Superior Ct. 77, and the cases therein cited. But that was a case where the defendant's promise was in effect to pay his own debt, and, though that of a third person be incidentally guaranteed, it is not necessary it should be in writing.

We are all of the opinion that the learned court erred in submitting this case to the jury, and, therefore the judgment is reversed.